UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON LYNN BIRON,

    Plaintiff,

v.                                   Case No.:  8:22-cv-1669-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Sharon Lynn Biron seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.  Procedural History

Plaintiff applied for a period of disability and disability insurance on March 6, 2020, alleging disability beginning on May 31, 2019. (Tr. 108, 260-61). The applications were denied initially and on reconsideration. (Tr. 108, 130). Plaintiff requested a hearing, and on October 14, 2021 and March 8, 2022, hearings were held

before Administrative Law Judge Ryan Johannes ("ALJ"). (Tr. 51-95). On March 18, 2022, the ALJ entered a decision finding Plaintiff not under a disability from May 31, 2019, through the date of the decision. (Tr. 15-44).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on May 26, 2022. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on July 25, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2024. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2019, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "lumbar degenerative disc disease; cervical degenerative disc disease; bipolar disorder; attention deficit hyperactivity disorder (ADHD); unspecified trauma and stressor related disorder; major depressive disorder; fibromyalgia; irritable bowel syndrome; and obesity." (Tr. 19-20). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 21-27).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except occasionally climb stairs and ramps; never climb ladders or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to vibrations; occasional exposure to moving mechanical parts; avoid all exposure to unprotected heights; able to understand, remember, and carry out simple, repetitive, reasoning level 1-2 tasks in a routine work setting that has only occasional changes in the work routine; and work that is not fast paced with no work with assembly line/conveyor belt.

(Tr. 27).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a hospital housekeeper, and composite job of personal care aide, food server, and hospital housekeeper. (Tr. 41-42). At step five, the ALJ found that considering Plaintiff's age (40 years old on the alleged disability onset date), education (limited), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 42-43). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) hand packager, DOT 559.687-074, light, SVP 2[1]

(2) laundry folder, DOT 369.687-018, light, SPV 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

  (3) hospital products assembler, DOT 712.687-010, light, SPV 2

(Tr. 43). Alternatively, the ALJ found that if Plaintiff were limited to sedentary work with the same restrictions, she would be able to perform work such as:

  (1) final assembler, DOT 713.687-018, sedentary, SVP 2

  (2) weigher, DOT 737.687-026, sedentary, SVP 2.

The ALJ concluded that Plaintiff had not been under a disability from May 31, 2019, through the date of the decision. (Tr. 43).

## II. Analysis

On appeal, Plaintiff raises four issues:

(1) Whether the ALJ erred in failing to include limitations in the RFC for making even simple workplace judgments and on interpersonal interaction, based on the opinion of consultative examining psychologist, Sara Malowitz, which the ALJ found persuasive;

(2) Whether the ALJ erred in finding Dr. Babaria's opinions not persuasive;

(3) Whether the ALJ properly determined whether Plaintiff could perform work at an SVP 2 level given the Explanation of Determination conflicted with this finding; and

(4) Whether the ALJ erred in finding Plaintiff could perform a full range of light work, which includes the ability to stand or walk for 6 hours in an 8-hour workday given Plaintiff was limited to occasional balancing.

(Doc. 21, p. 1-2).

### A.     Sara E. Malowitz, Psy.D.'s Opinion

Plaintiff contends that the ALJ found Dr. Malowitz's opinions persuasive, which included marked restrictions in the ability to make judgments on simple work-related decisions and moderate limitations on interpersonal interactions. (Doc. 21, p. 17-20). Plaintiff argues that the RFC did not contain limitations related to these impairments. (Doc. 21, p. 20-21).

On November 6, 2021, Dr. Malowitz performed a consultative evaluation of Plaintiff. (Tr. 1165-68). In the summary of the evaluation, Dr. Malowitz found Plaintiff met the criteria for Major Depressive Disorder, recurrent episode, moderate and Unspecified Trauma and stress related disorder. (Tr. 1168). She also determined, "[t]he mental health symptoms based on report and clinical observations appear to be moderately impacting activities of daily living, vocational performance, and interpersonal interactions." (Tr. 1168). On the same day, Dr. Malowitz completed a Medical Source Statement of Ability to do Work-Related Activities (Mental). In it, she checked a box that showed that Plaintiff had marked limitations in the ability to make judgments on simple work-related decisions. (Tr. 1169). Plaintiff claims that neither limitation is reflected in the RFC.

In the decision, the ALJ thoroughly summarized Dr. Malowitz's opinion. (Tr. 34). He determined that Dr. Malowitz's objective findings support Plaintiff's ability

to perform work consistent with the RFC. (Tr. 34). The ALJ found Dr. Malowitz's opinions persuasive:

> The undersigned finds persuasive the opinion of Dr. Malowitz opined that the claimant's reports and clinical observations appear to be moderately impacting activities of daily living, vocational performance, and interpersonal interactions. She also opined that the claimant is recommended to manage benefits and financial decisions. Dr. Malowitz further opined that the claimant has a mild limitation in understanding and remembering simple instructions, carrying out simple instructions, interacting appropriately with the public, supervisors, or coworkers, and responding appropriately the usual work situations and to changes in the work setting. She also opined that the claimant would likely be markedly impaired in her ability to remember and carry out complex instructions and multistep tasks in a work environment due to reported deficits in divided attention and multitasking and exhibited mild impairment in short-term memory. (Exhibit 18F/5-8). Her opinion is generally consistent with the residual functional capacity finding with the inclusion of simple, routine, tasks with limited decision-making as more fully defined above. Her opinion is further generally consistent with the objective evidence of record. For example, her opinion is generally well supported by her own objective examination of the claimant in which she found findings that are generally consistent with the claimant having no more than moderate mental-related limitations with objective findings like that she was essentially normal except for moderately impaired mental computation, difficulty completing calculations, mildly impaired judgment related to self-care and limited insight, as more detailed above. (Exhibit 18F/2-5). Her opinion is also generally consistent with the claimant's treating psychiatric-related treatment by Ms. Romanowski from March 2020 through August 2020 generally found that the claimant was essentially normal, as detailed above although she generally diagnosed the claimant with psychiatric impairments and prescribed medications. (Exhibit 4F/7-15, 25-38; 12F/4-12). Her opinion is also generally consistent with the objective findings and treatment notes by the claimant's primary provider, Dr. Eaton, as above. (Exhibits 3F/12-19, 34-54, 61-67; 5F/8-15; 6F/7-14, 27-33, 50-83; 8F/20-35, 71-79; 11F/1-9,

> 42-55). Her opinion is finally generally consistent with the objective findings and treatment notes by the claimant's other treating providers, as above. (Exhibits 3F/18-29, 41-47, 54-59; 5F/2-7; 6F/1-7, 33-45, 50-64, 71-77; 8F/16-20, 37-42; 14F/1-21; 20F/8-14). Accordingly, the undersigned finds her opinion persuasive.

(Tr. 41).

Plaintiff asserts that the ALJ did not address the effect of Dr. Malowitz's finding that Plaintiff had marked limitations in the ability to make judgments on simple work-related decisions. (Doc. 21, p. 17-18). While Dr. Malowitz checked the box indicating this limitation, in the explanation portion, Dr. Malowitz explained, "Ms. Biron reported deficits in divided attention and multi-tasking and exhibited mild impairments in short term memory. Her ability to remember and carry out complex instructions and multi-step tasks in a work environment would likely be markedly impaired." (Tr. 1169). In the RFC, the ALJ addressed these impairments by limiting Plaintiff to being "able to understand, remember, and carry out simple, repetitive, reasoning level 1-2 tasks in a routine work setting that has only occasional changes in the work routine; and work that is not fast paced with no work with assembly line/conveyor belt." (Tr. 27). Thus, the RFC accounts for these impairments as explained by Dr. Malowitz.

Plaintiff also asserts the ALJ disregarded Dr. Malowitz finding that Plaintiff's interpersonal interactions were moderately impacted. (Doc. 21, p. 20). But in the Medical Source Statement, Dr. Malowitz found only mild impairments in interaction

with the public, supervisors, and co-workers. (Tr. 1170). The ALJ found this opinion persuasive. (Tr. 41). Moreover, the new regulations do not defer or give specific evidentiary weight, including controlling weight, to any medical opinion. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020). "Thus, an ALJ need not adopt every part of an opinion that the ALJ finds persuasive." *Rivera Misla v. Comm'r of Soc. Sec.*, No. 6:20-cv-1076-DCI, 2021 WL 2417084, at *2 (M.D. Fla. June 14, 2021). As long as the ALJ properly evaluated the medical opinion – as he has done here – the only issue is whether substantial evidence support's the RFC assessment. Considering the record as a whole, substantial evidence supports the ALJ's RFC assessment and the decision.

### B. Bhavikaben Babaria, M.D.'s Opinion

Plaintiff argues that the ALJ failed to properly consider the supportability or consistency factors in evaluating Dr. Babaria's opinion, but focuses her argument on the failure of the ALJ to consider the supportability factor. (Doc. 21, p. 23-25). Dr. Babaria treated Plaintiff one time on January 3, 2022. On the same date, he completed a Musculoskeletal Disorders – Adult form. (Tr. 1184-94).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific

evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior

administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

Plaintiff claims that the ALJ failed to address supportability in the decision. (Doc. 21, p. 23-24). This argument is unpersuasive. Throughout the decision, the ALJ cites Dr. Babaria's treatment record. (Tr. 27-41). The ALJ includes a lengthy discussion of Dr. Babaria's opinion and why he found it unpersuasive. In sum, the ALJ founds Dr. Babaria's opinion that Plaintiff met a number of listings "generally markedly inconsistent with the objective evidence of record," including the objective

examinations of Plaintiff's treating physician, treating neurosurgeon, treating rheumatologist, Dr. Malowitz's findings, and medical imaging. (Tr. 40). The ALJ also found that Dr. Babaria's opinions are unsupported by his own treatment notes as he explained extensively in the decision. (Tr. 40-41). Plaintiff lists the numerous conditions Dr. Babaria found and claims that this evidence documents significant conditions that interfere with Plaintiff's ability to work. (Doc. 21, p. 24-25). Under the new Regulations, these conditions, while numerous, are not medical opinions. 20 C.F.R. § 404.1513(a)(2). And the ALJ considered these conditions in summarizing Dr. Babaria's treatment record. (Tr. 40-41). Substantial evidence supports the ALJ's consideration of Dr. Babaria's opinion.

    C.    **Explanation of Determination**

Plaintiff contends that in two Explanation of Determination documents, the Social Security Administration limited Plaintiff to jobs with "only a very short, on-the-job training period." (Doc. 21, p. 26 (citing Tr. 147, 149)). Plaintiff argues that these types of jobs equate to an SVP 1 not SVP 2 jobs. (Doc. 21, p. 26-27).

Explanations of Determination are prepared by disability examiners. *Martinez v. Kijakazi*, No. 8:20-cv-1025-TPB-AEP, 2021 WL 4482616, at *14 (M.D. Fla. Aug. 23, 2021), *report and recommendation adopted*, No. 8:20-Ccv-1025-TPB-AEP, 2021 WL 4478248 (M.D. Fla. Sept. 30, 2021) (citing SSA Program Operations Manual System ("POMS") DI 24501.001B(1)(d)(1)-(2)). "Notably, the SSA

considers findings made by a state agency disability examiner at a previous level of adjudication about a medical issue, vocational issue, or the ultimate determination about whether a claimant is disabled to constitute evidence that is "'inherently neither valuable nor persuasive.'" *Id.* (citing 20 C.F.R. § 404.1520b(c)(2)). And under the regulations, an ALJ need not provide any analysis about how he considered such evidence in rendering a decision. *Id.* (citing 20 C.F.R. § 404.1520b(c)). Thus, the ALJ was not required to consider the Explanations of Determination in rendering the decision.

### D. RFC of Light Work

Plaintiff asserts that even though the ALJ found Plaintiff capable of occasional balancing – meaning balancing one-third of an 8-hour workday – the ALJ still found Plaintiff capable of performing light work, which requires standing or walking for a total of approximately 6 hours of an 8-hour workday. (Doc. 21, p. 28-29). Plaintiff argues that someone who can only balance for less than 3 hours cannot stand or walk for 6 hours in an 8-hour workday. (Doc. 21, p. 29).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635,

637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). At step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007).

For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ need not include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

In the RFC, the ALJ limited Plaintiff to a limited range of light work, including being able to occasionally balancing in an 8-hour workday. (Tr. 27). In the

hypotheticals to the vocational expert, the ALJ included a limitation to occasionally balancing. (Tr. 88). The vocational expert testified that an individual with this limitation as well as the other limitations enumerated by the ALJ could perform jobs in the national economy. (Tr. 61-63, 89-89-93). The ALJ properly relied on the vocational experts' opinions that an individual with Plaintiff's limitations, including the limitation to occasional balancing, was capable of performing work in the national economy. Substantial evidence supports the ALJ's findings.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 6, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties